UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------------X
                                                      :
THE MANGROVE PARTNERS MASTER FUND, LP,                :
                                                      :
                         Plaintiff,                   :
                                                      :
         -v-                                          :
                                                      :
683 CAPITAL PARTNERS, LP, et al,                      :
                                                      :
                         Defendants.                  :
                                                      :
---------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/14/2020

20-cv-2290 (LJL)

OPINION AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff, The Mangrove Partners Master Fund, Ltd. ("Plaintiff"), moves for relief from

the automatic stay of discovery under the Private Securities Litigation Reform Act of 1995

("PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B), so that it may conduct limited discovery. For the

following reasons, Plaintiff's motion is denied.

## BACKGROUND

This case was initiated by a Complaint filed on March 13, 2020, Dkt. No. 1, which was

amended first on July 20, 2020, Dkt. No. 18, and then again on December 7, 2020, Dkt. No. 40

("SAC"). The SAC alleges that Defendants Navios Maritime Containers L.P. ("Navios

Containers"), Angeliki Frangou ("Frangou"), and Doe Defendants 1-10 (collectively,

"Defendants") fraudulently induced Plaintiffs to invest approximately $25 million, made in three

installments in 2017, in Navios Containers and subsequently engaged in a variety of self-dealing

transactions that siphoned assets away from Navios Containers to other entities owned by

Frangou. Central to Plaintiff's claims is the allegation that while Defendants were courting

Plaintiff's investment, they represented that Plaintiffs would be "investing in a corporate entity

and as a result would be protected by all the stockholder protections in place at the time of the

investment." SAC ¶ 2.  In reality, Plaintiff alleges, one day before the first investment by Plaintiff in Navios Containers, Defendants adopted a so-called plan of conversion ("Plan of Conversion") that "purportedly authorized Defendants to automatically convert the company into a special kind of partnership that would strip fiduciary-duty and other stockholder protections [that would attend to] listing the company on a stock exchange." *Id*.  Plaintiff alleges that Defendants "hid the existence of [the Plan of Conversion]" in the year during which they were inducing Plaintiff's investment, or, alternatively, that Defendants "subsequently manufactured [the] existence [of the Plan of Conversion]." *Id*.

The First Amended Complaint brought claims under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, as well as claims for fraud and breach of contract under New York State law.  The Court held an Initial Pretrial Conference on August 18, 2020, after the filing of the First Amended Complaint.  At that conference, Defendants stated their intention of filing a motion to dismiss the complaint and argued that all discovery should stayed while their motion is pending, pursuant to the automatic stay of discovery provision of the PSLRA, 15 U.S.C. § 78u-4(b)(3)(B). The Court noted Defendants' request to stay discovery while its motion to dismiss is pending, but permitted Plaintiff to move to be relieved from the PSLRA stay by letter motion.  *See* Dkt. No. 23.

On September 25, 2020 Defendants filed their motion to dismiss the First Amended Complaint.  Dkt. No. 25.  On October 19, 2020, Plaintiff filed its letter motion seeking relief from the PSLRA discovery stay provision to take limited discovery before resolution of Defendants' motion to dismiss.  Dkt. No. 30.  Pursuant to a briefing schedule stipulated by the parties, Defendants opposed Plaintiff's motion for relief from the stay by letter filed on October

30, 2020.  Dkt. No. 36.  Plaintiff filed a letter in reply on November 6, 2020.  Dkt. No. 37.  On

December 7, 2020, in lieu of filing an opposition to Defendants' motion to dismiss, Plaintiff filed

a Second Amended Complaint.  Dkt. No. 40.  The Second Amended Complaint maintains a

claim under Section 10(b) of the Exchange Act and adds a number of additional state law claims.

Defendants subsequently stated their intent to move to dismiss the Second Amended Complaint,

*see* Dkt. No. 42, and Plaintiff stated that its motion for relief from the stay was still live, *see* Dkt.

No. 44.

By its motion, Plaintiff seeks the following discovery: a copy of the Plan of Conversion,

minutes of the board meeting at which Defendants adopted the Plan of Conversion, and the

materials, if any, provided to directors and shareholders in advance of approving the Plan of

Conversion.  *See* Dkt. No. 44.

## DISCUSSION

The PSLRA provides that in an action alleging securities fraud under the Exchange Act,

"all discovery and other proceedings shall be stayed during the pendency of any motion to

dismiss, unless the court finds upon the motion of any party that particularized discovery is

necessary to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. § 78u–

4(b)(3)(B); *see Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25, 32 (2d Cir.

2005) (PSLRA imposes "a mandatory stay on discovery pending judicial determination of the

legal sufficiency of the claims."), *vacated and remanded on other grounds*, 547 U.S. 71 (2006).

Although certain provisions of the PLSRA apply only to securities class action lawsuits, *see,*

*e.g.,* 15 U.S.C. 78u-4(a), the discovery stay provision tellingly is not one of them.  By its plain

language, it applies indistinguishably, inter alia, to "any private action" arising under Section

10(b) of the Exchange Act.  Thus, a plaintiff suing on behalf of itself alone suffers no greater

limitations and enjoys no greater rights to pre-motion discovery under the PSLRA than a plaintiff

suing on behalf of others.  *See In re Trump Hotel S'holder Derivative Litig.*, 1997 WL 442135, at *1 (S.D.N.Y. Aug. 5, 1997) (rejecting argument that PSLRA's automatic stay of discovery applies only to class actions).

Plaintiff has not established that the discovery it seeks is necessary either "to prevent undue prejudice" or "to preserve evidence."

The concept of "undue prejudice" under the PSLRA is akin to "unfair prejudice" or "undue delay" under Federal Rule of Evidence 403.  *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . undue delay . . .").  There is no doubt that a plaintiff bringing a private securities fraud action suffers prejudice by virtue of the automatic stay.  A plaintiff bringing virtually any action other than a private securities fraud action is presumptively entitled to take discovery during the pendency of a motion to dismiss while a securities fraud plaintiff is not. *See Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020) ("A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act.") (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)).  The question is whether such prejudice is "undue." The "prejudice" that is inherent to the PSLRA and that was intended by Congress when it passed a statute requiring that plaintiff plead a securities fraud claim that passes a motion to dismiss before she is entitled to discovery cannot be "undue," any more than the prejudice that inheres in damaging but admissible testimony can be "unfair" or the delay inherent to every trial can be "undue" pursuant to Federal Rule of Evidence 403.  *See* 2 Weinstein's Federal Evidence § 403.04 (2020) ("Prejudice alone is not sufficient to warrant exclusion under Rule 403.  Virtually all evidence is prejudicial to one party or another. When a defendant is 'being prosecuted for exactly

what [the evidence] depicts,' courts consistently have rejected Rule 403 challenges. To justify

exclusion under Rule 403, the prejudice must be unfair. . . .")  (citation omitted).  Thus, the

prejudice "inherent in every PSLRA-mandated discovery stay" is not undue prejudice under the

statute.  *See Kuriakose v. Fed. Home Loan Mortg. Co.*, 674 F. Supp. 2d 483, 489 (S.D.N.Y.

2009); *see also In re Initial Pub. Offering Sec. Litig.*, 236 F. Supp. 2d 286, 287 (S.D.N.Y.2002)

("Plaintiffs' argument to compel discovery fails because delay is an inherent part of every stay of

discovery required by the PSLRA.").

The showing that a plaintiff must make to establish relief on the grounds of preservation

of evidence is similarly stringent lest the exceptions permitted by that language swallow the rule.

"A party alleging that discovery is necessary to preserve evidence must . . . make a specific

showing that the loss of evidence is imminent as opposed to merely speculative."  *Id*. (quoting *In

re Vivendi Universal, S.A. Sec. Litig.*, 381 F.Supp.2d 129, 130 (S.D.N.Y.2003)) (additional

citations omitted).

Plaintiff makes three arguments that it is unduly prejudiced by the delay.  First, Plaintiff

argues the Plan of Conversion was drafted and approved in part by individuals whose identities

Plaintiff does not know—named in the Complaint as Doe Defendants—and that therefore those

Defendants are not obligated to preserve documents during the pendency of this action.  Dkt. No.

30 at 3-4.  Second and relatedly, Plaintiff argues that during the delay caused by the stay,

"documents may be lost or destroyed, witnesses may scatter, and memories will inevitably

continue to fade."  *Id*. at 4.  Finally, in its reply letter, Plaintiff argues that the Plan of Conversion

is "at the very heart of the fraud asserted in the Complaint," that it would "aid the Court's

consideration of key issues in this case—whether Defendants' conducted an unlawful scheme

and whether the vague disclosures Defendants now rely on were actually incomplete and highly

misleading," and that "Defendants' refusal to provide the requested information is nothing more than an effort to unfairly escape liability."  Dkt. No. 37 at 1-2.

These arguments are unavailing.  Plaintiffs first and second arguments are properly addressed not to undue prejudice, but to the necessity to preserve evidence, discussed *infra*.  To the extent Plaintiff argues that the mere delay in obtaining the discovery it seeks, by itself, unduly prejudices it, that delay is inherent to the PSLRA.  *See Kuriakose*, 674 F. Supp. 2d at 489; *In re Initial Pub. Offering Sec. Litig.*, 236 F. Supp. 2d at 287.

Plaintiff's third and multipronged argument—that it is unduly prejudiced by the stay because the Plan of Conversion is central to Plaintiff's claim, because its production will elucidate key issues, and because Defendant's refusal to produce it is an attempt to escape liability—is contradicted by the statute and the rationale of the stay itself, and admits of no limiting principle.  It also is contrary to the case law.  A plaintiff is not permitted to "lift the stay for the sole purpose of uncovering facts to support the fraud allegation in the Complaint." *Faulkner v. Verizon Commc'ns, Inc.*, 156 F. Supp. 2d 384, 402 (S.D.N.Y. 2001).  That is because, as the Ninth Circuit has articulated, "Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by defendants after the action has been filed." *Medhekar v. United States Dist. Court for the N. Dist. of Cal.*, 99 F.3d 325, 328 (9th Cir.1996); *see Faulkner,* 156 F. Supp. 2d at 402 (citing *Medhekar*, 99 F.3d at 328).  In every action governed by the PSLRA stay, a plaintiff could seek that limited discovery which is at the heart of the action, production of which would inevitably elucidate issues for the Court, and the refusal of which could be characterized as an attempt to escape liability.  If Plaintiff's arguments were accepted, then in every such action there would be grounds to lift the stay.

Thus, the cases within this Circuit that have found that the "undue prejudice" standard is met have required something more than the prejudice to plaintiff that attends to a stay of discovery in every case.  For example, courts have lifted the stay where the discovery sought was being produced to other parties in other actions relating to the same conduct, and Plaintiffs would be unduly prejudiced compared to the parties to those other actions if they were denied the same discovery.  *See, e.g.*, *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 2009 WL 4796169, at *3 (S.D.N.Y. Nov. 16, 2009) (partially lifting the stay where "[d]iscovery [was] moving apace in parallel litigation" and "[w]ithout access to documents produced in these other proceedings, plaintiffs in these cases will be unduly prejudiced and will be less able to make informed decisions about litigation strategy"); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305-306 (S.D.N.Y. 2002) (where other investigations of the defendant were "proceeding apace," and plaintiff "face[d] the very real risk that it [would] be left to pursue its action against defendants who no longer have anything or at least much to offer"); *Seippel v. Sidley Austin, Brown & Wood LLP*, 2005 WL 388561, at *2 (S.D.N.Y. Feb. 17, 2005) (plaintiffs "will be prejudiced if they lack access to documents which have been produced to [the government and other plaintiffs]").  The stay has also been lifted in "unique" circumstances where the procedural posture of the case is such that the plaintiff will have to make a fundamental choice whether or not to continue its action that would be undermined were it not to receive limited discovery.  That is not the prejudice Congress intended.  *See Waldman v. Wachovia Corp.*, 2009 WL 86763, at *2 (S.D.N.Y. Jan. 12, 2009) ("Given the unique procedural posture of this litigation, lead plaintiffs must determine whether to continue with this case despite the settlement reached between defendants and the SEC, which will afford some compensation to the plaintiff class."); *but see Brigham v. Royal Bank of Can.*,

2009 WL 935684, at *2 (S.D.N.Y. Apr. 7, 2009) (denying a motion to lift the stay even though regulators had "reached a settlement with [Defendants] and [plaintiff] ha[d] to decide whether he wishe[d] to have his shares repurchased"); *Id*. ("While [Plaintiff's] decision about whether to continue this litigation may be made easier by access to the documents produced to the Regulators, '[p]laintiff's inability . . . to plan a litigation strategy is not evidence of undue prejudice.'") (quoting *In re Refco, Inc. Secs. Litig.*, 2006 WL 2337212, at * 1 (S.D.N.Y. Aug. 8, 2006)).

Plaintiff has not established that it is prejudiced other than in the way Congress intended it be prejudiced.  It cannot obtain documents that it believes to be necessary to the prosecution of its case.  Though that outcome may be regrettable, it is consistent with the text of the provision and with Congress's intent—that complaints be tested based on plaintiff's pre-discovery knowledge and investigation and that plaintiffs not sue first and discover the evidence supporting their claim only later.  *See In re Bank of Am. Corp. Sec. Derivative, & Emp. Ret. Income Sec Act (ERISA) Litig.*, 2009 WL 4796169, at *1 ("Congress enacted the discovery stay provision of the PSLRA to limit 'abusive discovery to prevent 'fishing expedition' lawsuits'") (*quoting* H.R. Conf. Rep. No. 104–369, at 37 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 736).

Plaintiff also has not met its burden to establish that relief from the PSLRA stay is necessary to preserve evidence.  In order to meet that standard, it must "make a specific showing that the loss of evidence is imminent as opposed to merely speculative."  *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d at 130 (internal quotation marks and citations omitted).  Plaintiff makes the vague assertion that Defendant Frangou "has been the subject of criminal investigations" and that Plaintiff has "recently learned of claimed discovery abuses by Defendant Frangou in a lawsuit pending in the English High Court that involves claims similar to those

presented here." Dkt. No. 30 at 4.  It attaches a letter sent by Frangou's opposing counsel in the

purported English High Court action that states, among other things:

> [w]e strongly recommend that you take the earliest available opportunity to obtain
> discovery from your opponents.  In the English proceedings [Frangou's adversary]
> challenges the authenticity of some documents relied upon by Ms [sic] Angeliki
> Frangou and asserts that a failure by independent auditors to explain or correct
> certain omissions and discrepancies in the accounts of [the company at issue] is the
> result of pressure exerted upon them by Ms Angeliki Frangou.

Dkt. No. 31-1.

Plaintiff's argument—based not upon any actual evidence but upon a purported unproven

allegation made by Frangou's opposing counsel before a different tribunal—is without merit.  It

contains no showing that loss of evidence is likely, let alone imminent.  The same is true of

Plaintiff's unsubstantiated averment that "while [D]efendants exhaust their challenges to the

Complaint, documents may be lost or destroyed, witnesses may scatter, and memories will

inevitably continue to fade." Dkt. No. 30 at 4.  This statement is speculative on its face and does

not distinguish this case from any other under the PSLRA.  Finally, Plaintiff presents the spectre

that persons whom it does not know but who would be named if their identities were known,

including those involved in the Plan of Conversion, will destroy documents in the interim

between now and when the motion to dismiss is decided (and, Plaintiff presumes, decided in

Plaintiff's favor).  But Defendants and any directors, officers, and employees who anticipate

litigation will be required to preserve relevant documents, regardless whether they are yet named

in that litigation.  *See Treppel v. Biovail Corp.*, 249 F.R.D. 111, 118 (S.D.N.Y. 2008) ("The

obligation to preserve evidence arises when the party has notice that the evidence is relevant to

litigation or when a party should have known that the evidence may be relevant to future

litigation.") (quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir.2001)).  The

Court cannot predicate relief from the stay on undifferentiated and unsupported fear that a person not yet named will violate his or her duties to preserve relevant evidence.

Lastly, Plaintiff argues that its discovery will not frustrate the PSLRA's purposes, including the "purpose . . . to prevent the threat of expensive discovery from coercing defendants to settle." *NECA-IBEW Pension Tr. Fund v. Bank of Am. Corp.*, 2011 WL 6844456, at *1 (S.D.N.Y. Dec. 29, 2011) (collecting cases). By this, the Court takes Plaintiff to be referring in part to the fact it is bringing the action as an individual rather than on behalf of a class. However, as already noted, the PSLRA discovery stay provision does not distinguish between class action plaintiffs and individual plaintiffs. Even assuming that the cost to Defendants of the discovery Plaintiff seeks would be low and Congress's intent would not be frustrated by the requested limited discovery, "the mere fact that the PSLRA's goals would not be frustrated . . . is not sufficient to warrant lifting the stay." *Brigham*, 2009 WL 935684, at *2 (quoting *380544 Can., Inc. v. Aspen Tech.*, 2007 WL 2049738, at *1 (S.D.N.Y. Jul. 18, 2007). There must still be a showing of undue prejudice or the imminent loss of evidence. Neither has been shown here.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for limited discovery is DENIED. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 30.

SO ORDERED.

Dated: December 14, 2020
New York, New York
_____
LEWIS J. LIMAN
United States District Judge